UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : CASE NO: 14-75160-SMS |
| | : CHAPTER: 13 |
| ANTHONY CARVER MCCLARN, | : |
| Debtor. | : |
| ---------------------------------- | ---------------------------------- |
| ANTHONY CARVER MCCLARN, | : |
| Movant, | : CONTESTED MATTER |
| vs. | : |
| CITIZENS TRUST BANK, | : |
| Respondent. | : |

### RESPONSE TO MOTION TO DEEM MORTGAGE CURRENT

COMES NOW Citizens Trust Bank, for itself, its successors and/or assigns ("Respondent"), and shows this Honorable Court that, for the reasons set out below, the Court should deny the Debtor's Motion to Deem Mortgage Current ("Motion"):

1. A discharge order was entered in the instant case on January 17, 2019 [dkt. No. 69]. The case was subsequently closed same day.

2. After the discharge order was entered, respondent began foreclosure proceedings as the loan was not contractually current. Counsel for Debtor realized the case had been discharged and no notice of final cure of mortgage payment had been filed. After contacting the Chapter 13 trustee's office, the Trustee moved to have the case reopened so a notice of final cure could be filed [dkt. no. 71]. This Court granted the motion to reopen on February 28, 2019 [dkt. no. 72].

3. The Trustee filed a notice of final cure on March 1, 2019 [dkt. no. 73]. Respondent filed a response on March 22, 2019 indicating it disagreed that the account was current and stated

    the loan was contractually due for the November 2018 payment through the March 2019 payment.

4. In preparation of its response, Respondent reviewed all payments received since the entry of a consent order on February 23, 2018 on Respondent's Motion for Relief [dkt. no. 58]. The consent order stated that all parties agreed the loan was due for the March 1, 2017 payment and that Debtor would tender a lump sum payment by February 1, 2018 in the amount of $16,301.70 to pay for the March 1, 2017 payment through the January 1, 2018 payment with the ongoing payment resuming on February 1, 2018.

5. Since the Agreed Order for the Motion for Relief was entered, the total amount that has come due including the instantor payment listed in the order through the June 1, 2019 payment is $39,782.32. Since the order was entered, Debtor has only tendered $32,019.55. The account is contractually due for January 1, 2019 payment with a suspense balance of $653.19. The total amount due is $7,762.77.

6. As the account is not contractually current and Debtor has been unable to provide Respondent with proof of payments not accounted for, Respondent respectfully requests that this Court enter an order denying the Motion.

WHEREFORE, Respondent, for itself, its successors and/or assigns, prays that this Court inquire as to the matters raised herein and deny the Debtor's Motion to Deem Mortgage Current and enter such orders and require such further inquiry as may appear appropriate to the Court.

Respectfully submitted this 7th day of June, 2019

/s/ Lisa F. Caplan
Lisa F. Caplan
GA State Bar No. 001304
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(877) 813-0992
lcaplan@rubinlublin.com
Attorney for Respondent

## CERTIFICATE OF SERVICE

I, Lisa F. Caplan of Rubin Lublin, LLC certify that on the 7th day of June, 2019, I caused a copy of the Response to Motion to Deem Mortgage Current to be filed in this proceeding by electronic means and to be served by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to the said parties as follows:

Anthony Carver McClarn
4038 Boulder Vista Drive
Conley, GA 30288

Michael R. Rethinger, Esq.
241 Mitchell Street, SW
Atlanta, GA 30303

Mary Ida Townson
Chapter 13 Trustee
191 Peachtree Street, NE
Suite 2200
Atlanta, GA 30303

Executed on 6/7/19

By:/s/ Lisa F. Caplan
Lisa F. Caplan
GA State Bar No. 001304
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
(877) 813-0992
lcaplan@rubinlublin.com
Attorney for Creditor